UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AERO INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:05-cv-0439-DFH-TAB |
| | ) |
| QUICK DRAW TARPAULIN SYSTEMS, | ) |
| INC., DE MONTE FABRICATING, LTD., | ) |
| | ) |
| Defendants. | ) |

ENTRY ON PLAINTIFFS' MOTION FOR ASSESSMENT
OF ATTORNEY FEES UNDER 35 U.S.C. § 285

The court granted defendants' motion for summary judgment and entered final judgment. 2009 WL 838684 (S.D. Ind. March 27, 2009). Defendant then asked the court to declare the case "exceptional" under 35 U.S.C. § 285 and to award defendants their attorney fees incurred in defending significant portions of the case – the claims for infringement of the so-called "non-bumprail" claims of U.S. Patent No. 5,538,313. Defendants also seek relief under 28 U.S.C. § 1927, arguing that plaintiff's counsel should be held liable for having unreasonably and vexatiously multiplied the proceedings. Plaintiffs have opposed the motion. As explained below, defendants' motion is denied.

In "exceptional" patent infringement cases, the court may award reasonable attorney fees to the prevailing party. 35 U.S.C. § 285. Section 285 serves two

purposes: (1) to compensate the prevailing party for its expenses in prosecuting or defending the suit, and (2) to deter clearly unwarranted infringement suits. See *Automated Business Cos. v. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000). Section 285 can also provide a useful deterrent against both infringement and frivolous challenges to patents. See, *e.g.*, *Eli Lilly and Co. v. Zenith Goldline Pharmaceuticals, Inc.*, 264 F. Supp. 2d 753, 759 (S.D. Ind. 2003) (awarding fees under § 285 where generic drug manufacturer's challenge to prescription drug patent was objectively baseless and reckless). In deciding whether a case is exceptional, the court must consider the totality of the circumstances. *Yamanouchi Pharmaceutical Co. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1347 (Fed. Cir. 2000). The party seeking to prove the case is exceptional must support its case with clear and convincing evidence. *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1371 (Fed. Cir. 2003).

Even where a case is found to be exceptional, the decision to award fees remains discretionary and permits the judge to weigh intangible as well as tangible factors, including the degree of culpability of the infringer or patentee, the closeness of the question, litigation behavior, and other factors that may shed light on whether "fee shifting may serve as an instrument of justice." *Superior Fireplace Co. v. Majestic Products Co.*, 270 F.3d 1358, 1378 (Fed. Cir. 2001), quoting *National Presto Industries, Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996).

Defendants base their motion primarily on the litigation of the "on-sale bar" issue addressed in the court's entry on the merits. See 2009 WL 838684 at *24-*27. To summarize, plaintiff Aero Industries asserted in earlier patent litigation against another party that a product embodying several of the claims at issue in this case was sold as early as May 1993. If that is correct, then the one year on-sale bar of 35 U.S.C. § 102(b) bars those claims. Defendants relied on the evidence from the earlier case to establish the defense. Aero responded by offering evidence that its earlier testimony and assertions were mistaken and that the product was not actually on sale until November 1993, which would have been too late to trigger the on-sale bar. The court considered the evidence and concluded that Aero's explanations were not sufficient to raise a genuine issue of material fact. The court did not find that plaintiff or its witness acted in bad faith.

The type of issue presented on the merits of the on-sale bar defense arises frequently. The court cited just a few examples of Seventh Circuit cases in which parties tried to raise genuine issues as to the accuracy of their earlier testimony or positions taken in litigation. See 2009 WL 838684 at *26-*27. Some of those efforts are successful. Others are not. Plaintiff's effort in this case was not successful, but the court cannot say that the effort was sufficient to render this case exceptional, or that plaintiff's attorneys unreasonably or vexatiously multiplied the proceedings. The court believes it resolved the issue correctly, but reasonable judges might disagree about whether plaintiff's effort to show that the earlier statements were mistaken should have been presented to a jury.

Looking at the case more broadly, the court sees a case that was litigated vigorously on both sides. At the claim construction/summary judgment stage, each side won some substantial issues and lost some, although the net result was a final judgment for defendants. The court does not believe that it would serve the interests of justice to parse the different aspects of the litigation now to award one side some of its fees, under either 35 U.S.C. § 285 or 28 U.S.C. § 1927. The American rule under which each side bears its own fees applies with full force here.

Accordingly, defendants' motion for an award of attorney fees is hereby denied. By separate order, the court awards defendants their litigation costs.

So ordered.

Date: June 24, 2009

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

-5-

Copies to:

Michael D. Beck
MAGINOT MOORE & BECK
mdbeck@maginot.com

Joseph P. Carrier
CARRIER BLACKMAN & ASSOCIATES
cbalaw@ameritech.net

J. Alan Galbraith
WILLIAMS & CONNOLLY LLP
agalbraith@wc.com

Donald E. Knebel
BARNES & THORNBURG LLP
donald.knebel@btlaw.com

Christopher A. Smith
HAGEMIER ALLEN & SMITH
csmith@dslindiana.net

Aaron M. Staser
BARNES & THORNBURG LLP
aaron.staser@btlaw.com

Todd G. Vare
BARNES & THORNBURG LLP
todd.vare@btlaw.com